IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MICHAEL L. OVERTON,

Plaintiff,

v.

CA. HLTH. CARE FAC., et al.,

Defendants.

No. 2:18-CV-2551-DMC-P

ORDER

Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court is plaintiff's complaint (Doc. 1).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1), (2). Moreover, the Federal Rules of Civil Procedure require that complaints contain a "... short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This means that claims must be stated simply, concisely, and directly. See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)). These rules are satisfied if the complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon which it

1

rests. See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996). Because plaintiff must allege with at least some degree of particularity overt acts by specific defendants which support the claims, vague and conclusory allegations fail to satisfy this standard. Additionally, it is impossible for the court to conduct the screening required by law when the allegations are vague and conclusory.

## I. PLAINTIFF'S ALLEGATIONS

Plaintiff names the following as defendants: (1) "Ca. Hlth. Care Fac."; and (2) "Ofcr: Nunez E-1-D." Plaintiff's claim, in its entirety, is as follows:

> Plt states that subject matter jurisdiction surrounds plt's purchase of a $3,245.18 package by Walken Horst (vendor). This claim can be substantiated by a preponderance of the documents as evidenced by an [sic] package – invoice slip. The evidentiary standard surrounds a preponderance of the evidence that's measured at 66 2/3 % pct. Albeit this is of the lower standard, it still suffices as being a sufficient standard. Overton v. Overton 12345678910 WLF 777.

Doc. 1, p. 2.

For relief, plaintiff "wishes to receive a package plus compensation for the aforementioned claim." Id.

## II. DISCUSSION

Plaintiff's complaint fails to state a claim under § 1983 upon which relief can be granted.

To the extent plaintiff is naming the California Health Care Facility, a state prison, as a defendant to this action, any claim against this state agency is barred. The Eleventh Amendment prohibits federal courts from hearing suits brought against a state both by its own citizens, as well as by citizens of other states. See Brooks v. Sulphur Springs Valley Elec. Coop., 951 F.2d 1050, 1053 (9th Cir. 1991). This prohibition extends to suits against states themselves, and to suits against state agencies. See Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995) (per curiam); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989). A state's agency responsible for incarceration and correction of prisoners is a state agency for purposes of the Eleventh

Amendment. See Alabama v. Pugh, 438 U.S. 781, 782 (1978) (per curiam); Hale v. Arizona, 993 F.2d 1387, 1398-99 (9th Cir. 1993) (en banc).

To state a claim under 42 U.S.C. § 1983, the plaintiff must allege an actual connection or link between the actions of the named defendants and the alleged deprivations. See Monell v. Dep't of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982). Rather, the plaintiff must set forth specific facts as to each individual defendant's causal role in the alleged constitutional deprivation. See Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988).

In this case, plaintiff has not alleged any conduct at all, let alone conduct that caused a violation of a constitutional or statutory right. Plaintiff will be provided an opportunity to more fully explain his claim consistent with the foregoing standards.

### III. CONCLUSION

Because it is possible that the deficiencies identified in this order may be cured by amending the complaint, plaintiff is entitled to leave to amend prior to dismissal of the entire action. See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc). Plaintiff is informed that, as a general rule, an amended complaint supersedes the original complaint. See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992). Thus, following dismissal with leave to amend, all claims alleged in the original complaint which are not alleged in the amended complaint are waived. See King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987). Therefore, if plaintiff amends the complaint, the court cannot refer to the prior pleading in order to make plaintiff's amended complaint complete. See Local Rule 220. An amended complaint must be complete in itself without reference to any prior pleading. See id.

1 | If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the
2 | conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See
3 | Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). The complaint must allege in specific terms how
4 | each named defendant is involved, and must set forth some affirmative link or connection
5 | between each defendant's actions and the claimed deprivation. See May v. Enomoto, 633 F.2d
6 | 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).
7 | Finally, plaintiff is warned that failure to file an amended complaint within the
8 | time provided in this order may be grounds for dismissal of this action. See Ferdik, 963 F.2d at
9 | 1260-61; see also Local Rule 110. Plaintiff is also warned that a complaint which fails to comply
10 | with Rule 8 may, in the court's discretion, be dismissed with prejudice pursuant to Rule 41(b).
11 | See Nevijel v. North Coast Life Ins. Co., 651 F.2d 671, 673 (9th Cir. 1981).
12 | Accordingly, IT IS HEREBY ORDERED that:
13 | 1. Plaintiff's complaint is dismissed with leave to amend; and
14 | 2. Plaintiff shall file a first amended complaint within 30 days of the date of
15 | service of this order.

Dated: November 14, 2018

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE

4