1

2

3

4

5

6

7

8                    **IN THE UNITED STATES DISTRICT COURT**

9                    **FOR THE EASTERN DISTRICT OF CALIFORNIA**

10

11    MICHAEL L. OVERTON,                          No.  2:18-CV-2551-DMC

12                    Plaintiff,

13            v.                                    <u>ORDER</u>

14    CA HEALTH CARE FACILITY, et al.,

15                    Defendants.

16

17            Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to

18    42 U.S.C. § 1983.  Pending before the court is Plaintiff's first amended complaint (Doc. 10).

19    Plaintiff alleges Defendant Nunez violated his Fourteenth Amendment rights to due process and

20    equal protection and his Eighth Amendment right against cruel and unusual punishment by giving

21    away his package to another inmate.

22    ///

23    ///

24    ///

25    ///

26    ///

27    ///

28    ///

                                                    1

# I.  SCREENING REQUIREMENT AND STANDARD

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  See 28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief.  See 28 U.S.C. § 1915A(b)(1), (2).

The Federal Rules of Civil Procedure require complaints contain a "…short and plain statement of the claim showing that the pleader is entitled to relief."  See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (quoting Fed. R. Civ. P. 8(a)(1)).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal–Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and are afforded the benefit of any doubt. Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted).  To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged, Iqbal, 556 U.S. at 678 (quotation marks omitted); Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).  The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678 (quotation marks omitted); Moss, 572F.3d at 969.

///

///

///

///

## II. PLAINTIFF'S ALLEGATIONS

Plaintiff named one Defendant—Nunez.[1]  Plaintiff alleges he ordered a $3,245.18 package from Walken Horst for himself and two of his prison friends.  Plaintiff contends that he never received the package because Defendant Nunez gave away the package to another inmate.  This, Plaintiff asserts, violated his due process and equal protection rights under the Fourteenth Amendment and his Eighth Amendment right against cruel and unusual punishment.

## III. ANALYSIS

### A.    Due Process

"[A]n unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful post-deprivation remedy for the loss is available." Hudson v. Palmer, 468 U.S. 517, 533 (1984); see also Barnett v. Centoni, 31 F.3d 813, 816 (9th Cir.1994) ("[N]egligent or intentional deprivation of a prisoner's property fails to state a claim under section 1983 if the state has an adequate post deprivation remedy.").  The Ninth Circuit has specifically held that the California Tort Claims Act, Cal. Gov't Code § 810 et seq., provides an adequate postdeprivation remedy for loss of property.  See Barnett, 31 F.3d at 816–17.

Therefore, because Plaintiff has an adequate state law tort remedy for the taking of his property, he cannot allege a cognizable due process claim.  Further, amending the complaint to allege additional facts would have no effect on the available post deprivation relief, as such, allowing amendment on this claim would be inappropriate.

///

///

///

///

---

[1]    The California Health Care Facility is not named in the first amended complaint. The Clerk of Court will be directed to update the docket to reflect the correct list of current defendants.

**B.**    **Equal Protection**

Equal protection claims arise when a charge is made that similarly situated individuals are treated differently without a rational relationship to a legitimate state purpose. See San Antonio School District v. Rodriguez, 411 U.S. 1 (1972). Prisoners are protected from invidious discrimination based on race. See Wolff v. McDonnell, 418 U.S. 539, 556 (1974). Racial segregation is unconstitutional within prisons save for the necessities of prison security and discipline. See Cruz v. Beto, 405 U.S. 319, 321 (1972) (per curiam). Prisoners are also protected from intentional discrimination on the basis of their religion. See Freeman v. Arpaio, 125 F.3d 732, 737 (9th Cir. 1997). Equal protection claims are not necessarily limited to racial and religious discrimination. See Lee v. City of Los Angeles, 250 F.3d 668, 686-67 (9th Cir. 2001) (applying minimal scrutiny to equal protection claim by a disabled plaintiff because the disabled do not constitute a suspect class) see also Tatum v. Pliler, 2007 WL 1720165 (E.D. Cal. 2007) (applying minimal scrutiny to equal protection claim based on denial of in-cell meals where no allegation of race-based discrimination was made); Hightower v. Schwarzenegger, 2007 WL 732555 (E.D. Cal. March 19, 2008).[2]

In order to state a § 1983 claim based on a violation of the Equal Protection Clause of the Fourteenth Amendment, a plaintiff must allege that defendants acted with intentional discrimination against plaintiff, or against a class of inmates which included plaintiff, and that such conduct did not relate to a legitimate penological purpose. See Village of Willowbrook v. Olech, 528 U.S. 562, 564 (2000) (holding that equal protection claims may be brought by a "class of one"); Reese v. Jefferson Sch. Dist. No. 14J, 208 F.3d 736, 740 (9th Cir. 2000); Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998); Federal Deposit Ins. Corp. v. Henderson, 940 F.2d 465, 471 (9th Cir. 1991); Lowe v. City of Monrovia, 775 F.2d 998, 1010 (9th Cir. 1985).

///

///

---

[2] **Error! Main Document Only.**Strict scrutiny applies to equal protection claims alleging race-based or religious discrimination (i.e., where the plaintiff is member of a "protected class"); minimal scrutiny applies to all other equal protection claims. See Lee v. City of Los Angeles, 250 F.3d 668, 686-67 (9th Cir. 2001).

1  Here, Plaintiff alleges no facts that indicate he was discriminated against in any

2  way or that he was intentionally treated differently than similarly situated inmates.  For that

3  reason, Plaintiff cannot state a cognizable claim under Equal Protection.  Plaintiff will be

4  provided an opportunity to amend.

5  **C.    Eighth Amendment**

6  The treatment a prisoner receives in prison and the conditions under which the

7  prisoner is confined are subject to scrutiny under the Eighth Amendment, which prohibits cruel

8  and unusual punishment.  See Helling v. McKinney, 509 U.S. 25, 31 (1993); Farmer v. Brennan,

9  511 U.S. 825, 832 (1994).  The Eighth Amendment ". . . embodies broad and idealistic concepts

10  of dignity, civilized standards, humanity, and decency."  Estelle v. Gamble, 429 U.S. 97, 102

11  (1976).  Conditions of confinement may, however, be harsh and restrictive.  See Rhodes v.

12  Chapman, 452 U.S. 337, 347 (1981).  Nonetheless, prison officials must provide prisoners with

13  "food, clothing, shelter, sanitation, medical care, and personal safety."  Toussaint v. McCarthy,

14  801 F.2d 1080, 1107 (9th Cir. 1986).  A prison official violates the Eighth Amendment only when

15  two requirements are met: (1) objectively, the official's act or omission must be so serious such

16  that it results in the denial of the minimal civilized measure of life's necessities; and (2)

17  subjectively, the prison official must have acted unnecessarily and wantonly for the purpose of

18  inflicting harm.  See Farmer, 511 U.S. at 834.  Thus, to violate the Eighth Amendment, a prison

19  official must have a "sufficiently culpable mind."  See id.

20  Plaintiff seems to allege that the delivery of his package to another inmate amounts

21  to cruel and unusual punishment.  There is no basis in law or fact to support this contention.  Even

22  if Plaintiff could establish that his package was intentionally delivered to another inmate, such an

23  intentional act would not rise to the level of an Eighth Amendment violation.  This is because

24  delivering a package to a different inmate is not a denial of a minimal civilized measure of life's

25  necessities.  See Farmer, 511 U.S. at 834.  For that reason, this cannot support a claim under the

26  Eighth Amendment.  Further, because it would not be possible to amend the complaint to

27  establish an Eighth Amendment violation, amending the complaint on this issue would be

28  inappropriate.

5

## IV. AMENDING THE COMPLAINT

Because it is possible that one of the deficiencies identified in this order may be cured by amending the complaint, plaintiff is entitled to leave to amend. See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc). Plaintiff is informed that, as a general rule, an amended complaint supersedes the original complaint. See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992). Therefore, if plaintiff amends the complaint, the court cannot refer to the prior pleading in order to make plaintiff's amended complaint complete. See Local Rule 220. An amended complaint must be complete in itself without reference to any prior pleading. See id.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). The complaint must allege in specific terms how each named defendant is involved, and must set forth some affirmative link or connection between each defendant's actions and the claimed deprivation. See May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Because some of the defects identified in this order cannot be cured by amendment, plaintiff is not entitled to leave to amend as to such claims. Plaintiff, therefore, now has the following choices: (1) plaintiff may file an amended complaint which does not allege the claims identified herein as incurable, in which case such claims will be deemed abandoned and the court will address the remaining claims; or (2) plaintiff may file an amended complaint which continues to allege claims identified as incurable, in which case the court will issue findings and recommendations that such claims be dismissed from this action, as well as such other orders and/or findings and recommendations as may be necessary to address the remaining claims.

Finally, plaintiff is warned that failure to file an amended complaint within the time provided in this order may be grounds for dismissal of this action. See Ferdik, 963 F.2d at 1260-61; see also Local Rule 110. Plaintiff is also warned that a complaint which fails to comply with Rule 8 may, in the court's discretion, be dismissed with prejudice pursuant to Rule 41(b). See Nevijel v. North Coast Life Ins. Co., 651 F.2d 671, 673 (9th Cir. 1981).

///

1

2                                   **V.  CONCLUSION**

3              Accordingly, IT IS HEREBY ORDERED that:

4                    1.      The Clerk of Court is directed to update the docket to terminate California

5      Health Care Facility as a defendant;

6                    2.      Plaintiff's first amended complaint is dismissed with leave to amend; and

7                    3.      Plaintiff shall file a second amended complaint within 30 days of the date

8      of service of this order

9

10

11     Dated:  May 8, 2019

12                                                        _____
                                                          DENNIS M. COTA
13                                                        UNITED STATES MAGISTRATE JUDGE

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28